ORDERED in the Southern District of Florida on Feb 21, 2008



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

PATRIOT AVIATION SERVICES, INC.,

Debtor.
_____/

Case No.07-14995-BKC-JKO

Chapter 11

### ORDER DENYING APPLICATION FOR ADMINISTRATIVE EXPENSE [DE 203] FILED BY CREDITOR LAW OFFICES OF RONALD T. BEVANS, JR., P.A.

**THIS MATTER** came before the Court for hearing on December 17, 2007, upon an Application for Administrative Expense (the "Application") [DE 203] filed by the Law Office of Ronald T. Bevans, Jr., P.A. (the "Creditor").

### Background

On June 27, 2007 an involuntary Chapter 11 petition was filed against Patriot Aviation Services, Inc. (the "Debtor") [DE 1]. The Court entered an order, on June 29, 2007, directing the appointment of an Interim Chapter 11 Trustee and the United States Trustee appointed Kenneth A.

-1-

Welt (the "Trustee") as Interim Trustee on that same day [DE 7].[1] On July 31, 2007, the Trustee filed motions seeking to (i) establish bid procedures, (ii) approve a sale of substantially all of the Debtor's assets and (iii) approve postpetition financing [DE 37 & 38]. The Court entered orders that same day establishing bid procedures (the "Bid Procedures Order") [DE 39] and approving postpetition financing (the "Financing Order") [DE 40]. The Bid Procedures Order scheduled an auction and sale hearing for September 11, 2007. The Bid Procedures Order also established September 5, 2007 as the deadline for submitting bids.

On August 23, 2007, ACI Ventures, LLC ("ACI") and the Trustee entered into an agreement in which ACI agreed to purchase substantially all of the Debtor's assets for $2,000,000.00. This agreement, pursuant to the Amended Order on Bidding Procedures [DE 127], was subject to higher and better offers. As of September 5, 2007, the Trustee received bids from the following four bidders: (i) Patriot Aviation Acquisition, LLC; (ii) Bet Shemesh Engines, Ltd., Israel; (iii) Patriot Acquisition Company, LLC; and (iv) ACI. *See* [DE 138].

On September 11, 2007, the Court held an auction conducted by the Trustee, found that ACI submitted the highest and best bid of $4,525,000.00 and approved the sale of substantially all of the Debtors' assets to ACI [DE 153].

On October 31, 2007, the Creditor filed the Application [DE 203] seeking allowance of $26,335 for legal fees as an administrative expense pursuant to 11 U.S.C. §503(b)(3)(D) & (b)(4) and on November 9, 2007, filed a supplement [DE 24] (the "Supplement") to the Application with detailed time sheet entries of claimed services rendered.

---

[1] The Trustee's status became permanent pursuant to Order [DE 46] on August 2, 2007.

On December 13, 2007, separate objections to the Application were filed by the Trustee [DE 281] and Creditor Sunstar Aviation, Inc. and shareholders Adolfo Diaz and Konrad Walter [DE 278]. The Creditor to date has never been retained by the Trustee or the Official Committee of Unsecured Creditors (the "Committee") as an estate professional.

### Discussion

The Creditor is seeking in the Application an allowance of an administrative expense pursuant to sections 503(b)(3)(D) and (b)(4) of the Bankruptcy Code. Section 503(b) provides for administrative expenses and provides for the allowance of:

> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by –
>
> ... (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title [11 USCS § 1102], in making a substantial contribution in a case under chapter 9 or 11 of this title [11 USCS §§ 901 et seq. or 1101 et seq.];
>
> (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant;

11 U.S.C. § 503(b). For purposes of the Application, the Bankruptcy Code grants second priority status to administrative expenses awarded pursuant to section 503(b). *See* 11 U.S.C. § 507(a).

Administrative expenses are given priority status in order to induce third parties to provide services to the debtor on credit. *In re Dynacircuits, L.P.*, 143 B.R. 174, 176 (Bankr. N.D. Ill. 1992) (citing *In re Jartran, Inc.*, 732 F.2d 584, 586 (7th Cir. 1984)). Accordingly, "[s]tatutory priorities are narrowly construed." *Id.* (citing *Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789

F.2d 98, 100 (2nd Cir. 1986)). Requests for allowance of administrative expenses are carefully scrutinized and strictly interpreted against the party seeking them. *In re Hemingway Transport, Inc.*, 954 F.2d 1 (1st Cir. 1992).

The Creditor seeks in the Application reimbursement of legal fees totaling $26,335. As legal fees are the sole basis for compensation and no other expenses are being sought, the Application must be construed in the context of section 503(b)(4). As set forth above, section 503(b)(4) allows for the reimbursement of "reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expenses is allowable under [section 503(b)(3)] . . . ." As indicated by the plain language of the statute, the issue of whether fees can be awarded as administrative expenses under section 503(b)(4) typically is not decided until after the Court allows an administrative expense recovery under section 503(b)(3). Nevertheless, since the Creditor is seeking only legal fees the Court will address section 503(b)(4) as it will be dispositive on this issue.

It is evident to the Court that Creditor was not employed as an attorney for any party and, therefore, is seeking opportunity costs for services provided while representing itself. The Court looks to *In re Gimelson*, 2004 U.S. Dist. LEXIS 23879 (E.D. Pa. Nov. 23, 2004) and *In re Pappas*, 277 B.R. 171 (Bankr. E.D.N.Y. 2002), both of which are helpful to an analysis of the Application.[2] In both cases, the attorneys sought reimbursement of their time devoted to assisting trustees in the recovery of assets. In both instances these requests were denied. In *Pappas*, the Court held:

> [The creditor] cites no authority for the premise that Section 503(b) provides a basis to compensate a creditor for his own personal time devoted to a matter. The mere fact that the creditor happens to be an attorney . . . does not change the inquiry. Section 503(b) provides

---

[2]See also, *In re Summit Metals, Inc.*, 379 B.R. 40, 57-8 (D. Del. 2007) (holding in part that an attorney-creditor was not entitled to compensation under 503(b)(4), since he did not seek reimbursement of professional fees, but merely for compensation of his own time expended.)

that 'actual' 'expenses' may be afforded administrative expense status. [The creditor's] time, although valuable, was not an 'actual expense' to him.

*Pappas*, 277 B.R. *at* 177. Similarly, the Court in *Gimelson* agreed and upheld the Bankruptcy Courts ruling that " . . . the language of Section 503(b)(4) does not include the time spent by a creditor who represents himself and has not incurred any attorney's fees," thus the Creditor "was not entitled to administrative compensation under Section 503(b)(4) because he acted in a personal capacity throughout the bankruptcy case." 2004 U.S. Dist. LEXIS 23879 *at* *72 (internal quotations omitted).

The facts on the record in this case align with the results in *Gimelson* and *Pappas*. The Court recognizes that the Creditor has an extensive background in aviation law, which necessarily helped in negotiating with possible buyers. However, this does not automatically permit the Creditor to be compensated for what it describes as "substantial time and effort . . . contact[ing] and discuss[ing] with aviation industry services and businesses their potential interest in acquiring Debtor and/or its assets." Application for Administrative Expense [DE 203], ¶¶6-7. Although the Creditor had in past provided legal services to the Debtor, which would explain why the Creditor invested such time and effort in participating in this bankruptcy case, the fact is that the Creditor represented itself. The record overwhelmingly supports the position that the time spent by Creditor was in a personal capacity, not in a professional capacity, which precludes administrative compensation under section 503(b)(3)(D) or section 503(b)(4).

The Creditor should be applauded for its loyalty and sincere concern for the continued success of the Debtor's business and the security of the Debtor's employees. Unfortunately this devotion is not compensable under the Bankruptcy Code.

Accordingly, it is **ORDERED** that the Creditor's Application for Administrative Expense [DE 203] is **DENIED**.

###

Copies to:

Law Offices of Ronald T. Bevans, Jr., P.A.
1221 Brickell Avenue
Suite 2660
Miami, FL 33131

Lawrence A. Gordich, Esq
701 Brickell Ave #1900
Miami, FL 33131

(Attorney Gordich is directed to mail a conformed copy of this Order, immediately upon receipt, to all parties in interest and to file a certificate of service).